## Charles F. Watts v. Cyrus Cleaveland.

The making of an inventory is not absolutely necessary to constitute a valid levy under execution.

In an action by a constable for the value of goods disposed of by the defendant after an alleged levy thereon under an execution against a third party; it appeared, that the execution debtor and the defendant (the property being in the latter's possession), were present when the officer approached to make the levy; that the goods were within view; that the officer touched a case with his foot, made a memorandum on the execution that he had levied upon a lot of dry goods, and thereupon so stated; and that the defendant, upon being asked by the attorney of the execution creditor what amount had been levied upon, replied, "more than double enough to pay the execution." *Held*, that under the circumstances, there was a sufficient levy to sustain the action.

The defendant, who kept a packing establishment, was in possession of certain goods, belonging to one Weiss, who had directed him to ship them to California. While the defendant held the goods, proceedings were taken, as detailed in the opinion, to effect a levy under executions issued upon judgments obtained against Weiss by two judgment creditors. After the alleged levy, the defendant stated that he should retain the property until he received a bond of indemnity. He afterwards said that a good bond had been given by the debtor, and that the goods had been shipped. This action was thereupon instituted to recover the value, and the question was as to the sufficiency of the alleged levy. The Marine Court gave judgment for the defendant. The plaintiff appealed.

*John H. McCunn* and *James Moncrief*, for the plaintiff, cited *Beekman* v. *Lansing*, 3 Wend. 446; *Westervelt* v. *Pinckney*, 4 ib. 123; *Camp* v. *Chamberlain*, 5 Denio, 198; *Bancroft* v. *Jones*, 4 Coms. 509; *Burrall* v. *Acker*, 21 Wend. 605.

*Philip J. Joachimsen*, for the defendant.

By the Court. Daly, J.—I think the justice erred in holding that no sufficient levy had been made. The indorsement

upon the execution shows that the plaintiff levied upon a lot of dry goods in the defendant's possession, belonging to Fisher and Co., together with the right, title, and interest of the judgment debtor. Both the defendant and the judgment debtor were present when the plaintiff came to make the levy. The attorney of the execution creditor, being examined as a witness, says that the constable made a levy on a case of bonnets on the sidewalk by touching his foot against the box, marking something on the back of the execution, and saying that he had levied. That after the levy was made, he, the witness, asked the defendant what quantity of goods were levied upon? and the defendant answered, double enough to pay the judgment. After this took place, the defendant said he would hold the goods until he obtained a bond from the judgment debtor, and a day or two after told the witness that he had got a good bond and had shipped the goods to California.

There can be no doubt but that this was a sufficient levy. The goods were in view; the defendant, the party in whose possession the goods were, as well as the judgment debtor, was present. (*Connah* v. *Hale*, 23 Wend. 468; 2 Cow. Treatise, 1071.) That the sheriff had levied was known to the defendant, and his answer to the attorney shows that he knew the quantity of goods levied upon.

It is desirable that the officer should take an inventory, but it is not absolutely necessary. (*Wood* v. *Van Arsdale*, 3 Rawle, 401.) Holding the process, says Cowen, J. in *Green* v. *Burke*, 23 Wend. 493, having the goods in his power, declaring his intent or doing what is equivalent to it, as taking an inventory or making a memorandum of the levy, satisfy that branch of the rule which requires a change of possession.

Here the goods were in view; a memorandum designating a lot of dry goods in the defendant's possession was indorsed upon the execution; the defendant and judgment debtor had notice of all the plaintiff's acts; and the defendant, by his declaration at the time and afterwards, showed that he knew the quantity of goods that had been levied upon and their value.

Whether the execution was properly indorsed or not, we have no means of knowing, as a copy of the execution has not been returned. The judgment should be reversed.

Judgment reversed.